UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY TAYLOR,

    Plaintiff,

    v.

OFFICER W. MATTER, *et al.*,

    Defendant.

Case No. C12-1305RSL

ORDER DENYING MOTION TO CONSOLIDATE OR REMAND

## I. INTRODUCTION

This matter comes before the Court on the "Motion to Consolidate or Remand" filed by Defendants Officer Matter, Deputy Boice, John Lovick, and Snohomish County (collectively "Defendants"). Dkt. # 8. Plaintiff filed this case one year after filing a nearly identical complaint in Snohomish Superior Court. Defendants now seek either to remove the ongoing state court case to consolidate it with this case, or in the alternative, to remand this case to state court to allow Plaintiff to amend his complaint to add his federal claims. Plaintiff responds that the Court lacks authority to grant either one of Defendants' requests.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Plaintiff filed a complaint against Defendants and defendant Granite Falls in

ORDER DENYING MOTION TO
CONSOLIDATE OR REMAND- 1

Snohomish County Superior Court on August 17, 2011.  Dkt. # 9, Ex. A.  Plaintiff alleged state tort claims, including assault and battery, civil conspiracy, negligence, and negligent hiring, retention, training, and supervision based on an alleged confrontation with Granite Falls and Snohomish County police officers on July 31, 2009.  Id. ¶¶ 4-15.  No federal causes of action were alleged.  See id.  On February 29, 2012, the state court granted in part and denied in part a motion for summary judgment filed by Snohomish County and Granite Falls, dismissing Plaintiff's civil conspiracy and negligent hiring, supervision, retention and training claims.  Dkt. # 8, at 2-3.  The Court denied Snohomish County's and Granite Falls' motion for reconsideration on April 9, 2012.  Dkt. # 9, Ex. C.

(2) On July 31, 2012, Plaintiff filed his Complaint in this case against Defendants, Granite Falls and two other defendants, Ritch Bolick and John Lovick.  Dkt. #1.  Plaintiff amended his complaint on November 6, 2012 to substitute Tony Domish for Ritch Bolick.  See Dkt. # 18.  He asserts claims under 42 U.S.C § 1983, which he alleges arise out of the same July 31, 2009, incident on which his state court action is based.  Compare Dkt. 9, Ex. A, with Dkt. #18.  Plaintiff did not allege any state law causes of action.  Plaintiff's filing of two separate lawsuits in different jurisdictions arising from the same nucleus of facts places Defendants in a difficult position of having to defend the same case twice.  Plaintiff's tactic is burdensome on the Defendants and the Court and contrary to principles of judicial economy.[1]

(3)   Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court when the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a). Original jurisdiction exists where (1) the action "aris[es] under the Constitution, laws, or treaties of the United States," id. 1331 or (2) the matter in controversy exceeds $75,000 and the citizenship of each plaintiff is different from that of each defendant, id. 1332(a).  To determine whether federal question jurisdiction exists, the Court follows the well-pleaded

---

[1] Plaintiff's counsel appears to have made this repetitive filing strategy a habit, having filed at least four cases in both state and federal court in the past three years.  Dkt. # 9 ¶ 5.

ORDER DENYING MOTION TO
CONSOLIDATE OR REMAND- 2

complaint rule, which instructs that "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting In re NOS Commc'ns, 495 F.3d 1052, 1057 (9th Cir. 2007)).

(4)  Defendants admit that Plaintiff's state court complaint does not present a federal cause of action. Mot. at 3. The Court agrees. Additionally, the state court action lacks diversity of citizenship. See Dkt. # 9, Ex. A ¶¶ 1-4. As Defendants admit, "there is no statutory mechanism for removal," Dkt. # 8 at 3. Furthermore, Defendants do not contend that Plaintiff has since amended his state court complaint to make the case removable. See 28 U.S.C. § 1446(b)(3) ("a notice of removal filed within 30 days after receipt...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). The ongoing state court case is still not removable based on federal question jurisdiction or diversity jurisdiction, and therefore, the Court DENIES Defendants' request to remove the state court case.

(5) With respect to Defendants' alternative request to remand this case to state court, the Court agrees with Plaintiff that it also lacks the authority to remand a case asserting federal causes of action only. Contrary to Defendants' request, "original jurisdiction is not discretionary." Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994). The Court, therefore, DENIES Defendants' request to remand this case to state court.

For all the foregoing reasons, the Court DENIES Defendants' motion to consolidate or remand (Dkt. # 8).

DATED this 14th day of December, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
CONSOLIDATE OR REMAND- 3