UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY TAYLOR,

    Plaintiff,

v.

OFFICER W. MATTER, *et al.*,

    Defendant.

Case No. C12-1305RSL

ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. On July 31, 2012, Plaintiff filed a Complaint alleging claims under 42 U.S.C. § 1983 against Officer W. Matter, Deputy Boice, Deputy J. Hostetter, Ritch Bolick, John Lovick, Granite Falls, and Snohomish County ("Defendants"). Dkt. # 1. Plaintiff filed an Amended Complaint on November 6, 2012. Dkt. # 18. This case arises out of an alleged confrontation between Plaintiff and police that took place on July 31, 2009. Id. ¶¶ 10-24.

Almost one year before filing his Complaint in this case, Plaintiff filed a nearly identical complaint in Snohomish County Superior Court, alleging state tort claims against five of the seven Defendants in this case. Dkt. 9, Ex. A. Plaintiff's tort claims arise out of the same July 31, 2009, incident. Id. ¶¶ 4-15. In February 2012, the state court granted partial summary judgment to Defendants Granite Falls and Snohomish County, dismissing two of Plaintiff's claims. Id., Ex. J.

ORDER TO SHOW CAUSE - 1

Federal courts have a "virtually unflagging obligation...to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (1976).  However, under "exceptional" circumstances and "for reasons of wise judicial administration," the presence of parallel state court litigation permits a district court to stay or dismiss a federal suit. Id. at 818.  Where there is a parallel state court action, the Ninth Circuit considers the following eight factors when determining the appropriateness of a Colorado River stay or dismissal:  (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.  R.R. Street & Co. Inc. v. Transport Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011).

Based on the presence of a parallel state court action and the desire to avoid piecemeal litigation, Plaintiff is hereby ORDERED TO SHOW CAUSE why the case should not be stayed under the Colorado River doctrine.  The parties are hereby ORDERED to appear before the Court at 9:30 a.m. on Thursday, January 10, 2013.

DATED this 14th day of December, 2012.


*[signature: Robert S. Lasnik]*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 2